IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BILLY K. FARMER                                                                          PLAINTIFF

v.                                              Civil No.: 5:17-cv-05171

XOLLIE DUNCAN; BUFFIE                                                                 DEFENDANTS
MERRYMAN; JENNIFER
DuCHARME; ACACIA STINNETT;
BRIAN LESTER; KRISTEN PAWLIK;
and ERIN JOHNSON

## **OPINION AND ORDER**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se*. Currently before the Court are the following motions: (1) a Motion to Dismiss filed by Xollie Duncan (ECF No. 8); (2) a Motion to Dismiss filed by Kristin Pawlik (ECF No. 17); (3) a Motion to Dismiss filed by Acacia Stinnett (ECF No. 21);[1] (4) a Motion to Dismiss filed by Buffie Merryman (ECF No. 22); (4) a Motion to Dismiss filed by Brian Lester (ECF No. 23); and (5) a Motion to Dismiss filed by Jennifer DuCharme and Erin Johnson (ECF No. 25).

### I.     BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Plaintiff has been party to a domestic relations case pending in the Benton County Circuit Court, Domestic Relations Division, since August 18, 2010. The most recent hearing occurred on June 14, 2017.

Plaintiff alleges that all named Defendants have played a part in illegally taking custody of Plaintiff's minor son (age 15), W.G.F., and stopping his visitation with minor daughter (age 17), M.C.F. Custody of W.G.F. was given to Erin Johnson, his Mother, after an emergency *ex parte* hearing. Johnson was represented by Attorney Jennifer DuCharme. Johnson lives in Kansas.

---

[1] The Complaint contains no factual allegations against this Defendant.

1

Xollie Duncan was the presiding judge over the child custody dispute. Attorney Buffie Merryman was the guardian ad litem. Plaintiff was been represented by Defendant Brian Lester and later was represented by Defendant Kristin Pawlik.

Plaintiff believes his disability was used against him to remove W.G.F. from his custody. Plaintiff further alleges the two minor children were coached as to what testimony to give against him. Plaintiff indicates he is a disabled veteran who has been diagnosed with Posttraumatic Stress Disorder (PTSD)(ECF No. 5 at 11).

Plaintiff asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act. It is the Plaintiff's belief that the Defendants should be criminally charged and those who are licensed attorneys should be disbarred.

Along with his Complaint, Plaintiff filed a Motion for Temporary Custody and Visitation (ECF No. 4). In this Motion, Plaintiff indicates Johnson has obtained an order of protection against him in the State of Kansas which remains in effect until July 20, 2018 (ECF No. 5 at 3). Plaintiff asserts the order of protection thwarts his ability to retain custody or visitation of his children. He asks the Court to order the custody of W.G.F. be immediately changed to him and that he be given visitation with M.C.F. He asks the Court to find Johnson in contempt of court and immediately jail her.

## II. APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III.  DISCUSSION

**(A) Section 1983**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Judge Xollie Duncan is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); s*ee also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

To the extent the Complaint seeks injunctive relief, that relief is also barred. Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was

unavailable." 42 U.S.C. § 1983.  It is clear from the allegations of the Complaint that neither situation applies here.

Additionally, private attorneys generally do not act under color of state law when representing a private client. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)(guardian ad litem representing a minor in a state court proceeding was not acting under color of state law); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974)(the conduct of private counsel, either retained or appointed, in representing clients does not constitute action under color of state law). Therefore, Plaintiff's claims against Kristin Pawlik, Jennifer DuCharme, Buffie Merryman, and Brian Lester fail.

While "[a] private party may be held liable under § 1983 [when he or she is] a 'willful participant in joint activity with the State or its agents," *Gibson v. Regions Fin. Corp.*, 557 F.3d 842 (8th Cir. 2009)(citation and internal quotation marks omitted), conclusory allegations of a conspiracy are insufficient to state a claim. "A conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010).  Here, Plaintiff has merely named as Defendants all individuals involved in the child custody case in which there was an adverse ruling against him.  There are no allegations suggestive of any conspiracy.  Plaintiff's claims against Erin Johnson are subject to dismissal.

With respect to Plaintiff's claims requesting criminal prosecution of several of the Defendants, those claims are also subject to dismissal.  A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

**(B) Child Custody Matters**

Plaintiff may not seek redress in federal court for issues related to custody of his two minor children. Federal courts do not have jurisdiction over any "action for which the subject is . . . child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation omitted)(federal courts may also abstain from exercising jurisdiction over cause of action related to an action for child custody).

**(C) ADA**

"Title II [of the ADA] provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010)(*quoting* 42 U.S.C. § 12132). "Only public entities are subject to Title II." *City and Cty. Of San Francisco, Cal.*, ___ U.S. ___, 135 S. Ct. 1765, 1773 (2015).

Therefore, Title II discrimination claims cannot be maintained against individuals. *Silk v. City of Chicago*, 194 F.3d 788, 797 n. 5, 798 n. 7 (7th Cir. 1999)(no individual liability under the ADA or the Rehabilitation Act); *Smith v. Glanz*, 662 Fed. Appx. 595, 597 (10th Cir. 2016)( "In other words, the issue of judicial immunity simply never arises because no individual, including a state court judge, may be held liable under Title II of the ADA"). Plaintiff's ADA claims fail. Moreover, the Court notes that the Plaintiff is really challenging an adverse ruling of Judge Duncan and not his exclusion from any benefit, service, program, or activity of the Court.

**(D) Rehabilitation Act**

The Rehabilitation Act prohibits discrimination against an "otherwise qualified" handicapped individual, solely by reason of his handicap, under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a); *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1998). There is no individual liability under this Act. *Silk*, 194 F.3d at 798 n.7; *Calloway v. Boro of Glassboro Dep't of*

5

*Police*, 89 F. Supp. 2d 543, 557 (D.N.J. 2000)("the weight of judicial authority supports [the] conclusion that individual defendants cannot be held liable for violations of . . . the Rehabilitation Act")(citations omitted).  Thus, no claim under the Rehabilitation Act exists against the Defendants. Moreover, as noted above, Plaintiff is really objecting to an adverse ruling.

**(E) No Other Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction.  *See e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998).  Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law.  *See e.g., Southwestern Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000).  "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884))(alteration in original)).  If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*.  *Dieser v. Cont'l Cas. Co.,* 440 F.3d 920, 923 (8th Cir. 2006).

There is no other basis of federal court jurisdiction in this case.  Diversity of citizenship clearly does not exist.  *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010)(jurisdiction under 28 U.S.C. § 1332 "may be maintained only where there is complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship'")(citation omitted).

**(F) Insufficient Service or Process**

Several of the Defendants, Kristin Pawlik, Acacia Wright Stinnett, Buffie Merryman, and Jennifer DuCharme, argue they were not properly served.  There is no need to address this issue as the Court

has found all claims are subject to dismissal.

IV. CONCLUSION

For the reasons stated, this Court finds Plaintiff has failed to state claims upon which relief may be granted. The Motions to Dismiss (ECF Nos. 8, 17, 21, 22, 23, and 25) are **GRANTED.** This case is **DISMISSED WITHOUT PREJUDICE.** All other Motions are DENIED AS MOOT.

IT IS SO ORDERED this 4th day of January 2018.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE